FILED _____ _____ CEIVED
_____ ENTERED _____ RVED ON
_____ OF RECORD

DEC 2 8 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

1   JASON M. FRIERSON
    United States Attorney
2   District of Nevada
    Nevada Bar Number 7709
3   BIANCA R. PUCCI
    Nevada Bar Number 16129
4   DAVID C. KIEBLER
    Assistant United States Attorneys
5   501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101
6   Tel: (702) 388-6336
    Bianca.Pucci@usdoj.gov
7   David.Kiebler@usdjo.gov
    *Attorneys for the United States of America*

8

                    UNITED STATES DISTRICT COURT
9                   FOR THE DISTRICT OF NEVADA

10   UNITED STATES OF AMERICA,          No. 2:19-cr-00327-GMN-VCF

11          Plaintiff,

12          v.                          **Plea Agreement for Defendant
                                        Jacques Anton Lanier Pursuant to Fed. R.
13   JACQUES ANTON LANIER,              Crim. P. 11(c)(1)(A) and (B)**
            aka "John Dupree"
14
            Defendant.
15

16          This plea agreement between Jacques Anton Lanier ("defendant") and the United States

17   Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

18   regarding the criminal charges referenced herein and the applicable sentences, fines, restitution,

19   and forfeiture in the above-captioned case. This agreement binds only defendant and the USAO

20   and does not bind the district court, the U.S. Probation Office, or any other federal, state, local,

21   or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement

22   does not prohibit the USAO or any agency or third party from seeking any other civil or

23   administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions,

24   directly or indirectly against defendant or defendant's property.

1    This agreement becomes effective upon signature by defendant, defendant's counsel, and

2    an Assistant United States Attorney.

3                                **I. DEFENDANT'S OBLIGATIONS**

4        1.       Defendant agrees to:

5                 a.       At the earliest opportunity requested by the USAO and provided by the

6    district court, appear and plead guilty to Counts One, Two, Three, Four, Six, Eight, Nine,

7    Eleven, Thirteen, and Sixteen of the superseding indictment in this case, which charges

8    defendant with coercion and enticement, in violation of 18 U.S.C. § 2422(b) (Counts One,

9    Three, Four, and Nine); sex trafficking of children, in violation of 18 U.S.C. § 1591(a) and (b)(2)

10   (Counts Six, Eight, Eleven, and Thirteen); sexual exploitation of children, in violation of 18

11   U.S.C. § 2251(a) (Count Sixteen); and Tampering with a Witness, Victim, or Informant, in

12   violation of 18 U.S.C. § 1512(b) (Count Two);

13                b.       Stipulate to the facts agreed to in this agreement;

14                c.       Abide by all agreements regarding sentencing contained in this agreement;

15                d.       Not seek to withdraw defendant's guilty pleas once they are entered;

16                e.       Not request release or seek to modify the existing pre-trial order of

17   detention;

18                f.       Appear for all court appearances, surrender as ordered for service of

19   sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

20                g.       Not commit any federal, state, or local crime;

21                h.       Be truthful at all times with the U.S. Probation and Pretrial Services Offices

22   and the Court;

23                i.       Before and after sentencing, upon request by the Court, the USAO, or the

24   Probation Office, provide accurate and complete financial information, submit sworn

1  statements, and/or give depositions under oath concerning defendant's assets and defendant's

2  ability to pay. As part of the required disclosure, defendant agrees to provide any and all

3  financial information and authorizations requested by the Probation Office for preparation of the

4  Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

5  authorized to obtain defendant's credit report. Defendant will also complete a financial form

6  provided by the USAO, to include all supporting documentation, and return it to the USAO

7  within ten (10) days from entry of the plea. Defendant agrees that the district court may enter

8  any order necessary to effectuate or facilitate disclosure of defendant's financial information.

9          j.     The forfeiture of the property and the imposition of the forfeiture of the

10  property as set forth in this plea agreement and the Forfeiture Allegations of the Superseding

11  Criminal Indictment.

12          k.     Defendant agrees that restitution shall be ordered due and payable in full

13  immediately after the judgment is entered, and that the full amount of any restitution ordered is

14  subject to immediate enforcement and collection by the USAO or defendant's victims, or both.

15  Defendant agrees that any schedule of payments entered by the district court is a schedule of the

16  minimum payment due and does not prohibit or limit the methods by which the USAO may

17  immediately enforce and collect the judgment in full. Defendant acknowledges that restitution

18  may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

19  **II. THE USAO'S OBLIGATIONS**

20  2.    The USAO agrees to:

21      a.     Stipulate to facts agreed to in this agreement;

22      b.     Abide by all agreements regarding sentencing contained in this agreement;

23

24

c.     At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

d.     At sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

e.     Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSES

3.     <u>Counts One, Three, Four, and Nine</u>: The elements of coercion and enticement under 18 U.S.C. § 2422(b) are as follows:

<u>First</u>:      That between the dates alleged in the Indicment, the defendant used the Internet, which is a means or facility of interstate or foreign commerce, to knowingly persuade, induce, entice, or coerce an individual to engage in sexual activity;

4

1
2

<u>Second</u>:    The individual was under the age of 18 and the defendant knew the person was under the age of 18; and

3
4
5

<u>Third</u>:    That if the sexual activity had occurred and based upon the sexual activity that occurred, any person could have been charged with a criminal offense under the laws of the United States and/or the State of Nevada.

6 *See* Ninth Circuit Model Criminal Jury Instruction 20.29 (2023 ed.).

7       4.    <u>Counts Six, Eight, Eleven, and Thirteen</u>: The elements of sex trafficking of

8 children under 18 U.S.C. § 1591(a) and (b)(2) are as follows:

9
10

<u>First</u>:    The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited a person;

11
12
13

<u>Second</u>:    The defendant knew and was in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

14 <u>Third</u>:    The defendant's acts were in or affecting interstate or foreign commerce.

15 *See* Ninth Circuit Model Criminal Jury Instruction 20.25 (2023 ed.).

16       5.    <u>Count Sixteen</u>: The elements of sexual exploitation of children under 18 U.S.C.

17 § 2251(a) are as follows:

18 <u>First</u>:    At the time, Victim 13 was under the age of eighteen years;

19
20
21

<u>Second</u>:    The defendant, employed, used, persuaded, induced, enticed, or coerced Victim 13 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

22
23
24

<u>Third</u>:    The visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer;

5

1          or

2          The visual depiction was actually transported or transmitted across state

3          lines or in foreign commerce using any means or facility of interstate or

4          foreign commerce or in or affecting interstate or foreign commerce or

5          mailed.

6   *See* Ninth Circuit Model Criminal Jury Instruction 20.18 (2023 ed.).

7          6.      Count Two: The elements of tampering with a witness, victim or informant under

8   18 U.S.C. § 1512(b) are as follows:

9          First:       The defendant intimidated, threatened, corruptly persuaded, or engaged in

10                      misleading conduct toward Victim #2, or attempted to do so;

11         Second:      The defendant acted knowingly; and

12         Third:       The defendant acted with the intent to:

13                          cause or induce Victim #2 to evade legal process summoning Victim

14                          #2 to appear as a witness;

15                      or

16                          hinder, delay, or prevent the communication to a law enforcement

17                          officer and judge of the United States of information relating to the

18                          commission or possible commission of a Federal offense.

19  *See* Seventh Circuit Model Criminal Jury Instruction for 18 U.S.C. § 1512(b)(2)(C) and (b)(3)

20  (2023).

21                  **IV. CONSEQUENCES OF CONVICTION**

22         7.      Maximum and Minimum Statutory Penalties:

23                 a.      Defendant understands that the statutory maximum sentence the district

24  court can impose for each violation of 18 U.S.C. § 2422(b) as charged in Counts One, Three,

6

1  Four, and Nine, is: life imprisonment; a lifetime supervised release; a fine of $250,000 or twice

2  the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory

3  special assessment of $100. Defendant understands the mandatory minimum sentence the

4  district court must impose for each violation of 18 U.S.C. § 2422(b) as charged in Counts One,

5  Three, Four, and Nine, is: 10 years imprisonment.

6         b.      Defendant understands that the statutory maximum sentence the district

7  court can impose for each violation of 18 U.S.C. § 1591(a) and (b)(2) as charged in Counts Six,

8  Eight, Eleven and Thirteen, is: life imprisonment; a lifetime supervised release; a fine of

9  $250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest;

10  and a mandatory special assessment of $100. Defendant understands the mandatory minimum

11  sentence the district court must impose for each violation of § 1591(a) and (b)(2) as charged in

12  Counts Six, Eight, Eleven and Thirteen, is: 10 years imprisonment.

13         c.      Defendant understands that the statutory maximum sentence the district

14  court can impose for a violation of 18 U.S.C. § 2251(a) as charged in Sixteen, is: 30 years'

15  imprisonment; a lifetime supervised release; a fine of $250,000 or twice the gross gain or gross

16  loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of

17  $100. Defendant understands the mandatory minimum sentence the district court must impose

18  for each violation of § 2251(a) as charged in Count Sixteen, is: 15 years imprisonment.

19         d.      Defendant understands that the statutory maximum sentence the district

20  court can impose for a violation of 18 U.S.C. § 1512(b) as charged in Count Two, is: 20 years'

21  imprisonment; a three-year term of supervised release; a fine of $250,000 or twice the gross gain

22  or gross loss resulting from the offenses, whichever is greatest; and a mandatory special

23  assessment of $100.

24

1     e.  Defendant understands, therefore, that the total maximum sentence for all

2 offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of

3 supervised release; a fine of $2,500,000 or twice the gross gain or gross loss resulting from the

4 offenses, whichever is greatest; and a mandatory special assessment of $1,000.

5    8.  <u>Mandatory Restitution Pursuant to 18 U.S.C. § 2259</u>: Defendant understands that

6 defendant will be required to pay full restitution to the victims of the offenses to which defendant

7 is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its

8 obligations under this agreement, the Court may order restitution to persons other than the

9 victims of the offense to which defendant is pleading guilty and in amounts greater than those

10 alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that

11 the Court may order restitution to any victim for any losses suffered by that victim as a result of

12 any relevant conduct, as defined in USSG § 1B1.3, in connection with the offense to which

13 defendant is pleading guilty.

14    9.  <u>JVTA Special Assessment</u>: Defendant understands that, pursuant to the Justice for

15 Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special

16 assessment per count if the Court concludes that defendant is a non-indigent person, to be paid

17 after defendant's other financial obligations have been satisfied.

18    10.  <u>SORNA</u>: Defendant understands and agrees that under the Sex Offender

19 Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 et. seq., defendant must

20 register as a sex offender and keep the registration current in each of the following jurisdictions:

21 (1) where defendant resides; (2) where defendant is an employee; and (3) where defendant is a

22 student. Defendant understands that he must comply with all the registration requirements

23 contained in SORNA. 34 U.S.C. § 20901 et. seq. Defendant further understands that the

24 requirements for registration include, but are not limited to, providing defendant's name,

residence address, and the names and addresses of any places where defendant is or will be an employee or a student.

Defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

11.   Criminal Forfeiture: Defendant understands that the district court will impose the forfeiture of the property.

12.   Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

13.   Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release.

14.   Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

15.   Potential Collateral Consequences of Conviction: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic

9

rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

16.     <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V. FACTUAL BASIS

17.     Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged

10

1  offenses. Defendant admits and declares under penalty of perjury that the facts set forth below

2  are true and correct:

3      Count One: Coercion and Enticement as to Victim 2

4      Victim 2 was 16 years old in April of 2017. From approximately on or about April 14,

5  2017, to on or about September 5, 2017, defendant and Victim 2 exchanged approximately 1,108

6  communications over Facebook. Defendant coerced Victim 2 to engage in sex acts for money.

7  Defendant knew Victim 2 was under 18 years old and engaged in sex act with her over 100

8  times.

9      Count Three: Coercion and Enticement as to Victim 3

10     Victim 3 was 15 years old in May of 2017. On or about May 4, 2017, to on or about

11 August 31, 2017, defendant and Victim 3 exchanged ~~approximately 1,058~~ *multiple* communications over

12 Facebook. Defendant utilized the name "John Dupree" and a picture of a younger unknown

13 male to communicate with Victim 3. Defendant coerced Victim 3 to engage in sex acts for

14 money. Victim 3 told defendant she was 15 years old. Defendant also asked for sexual images

15 from Victim 3. In the messages, Victim 3 sent images of herself to defendant but was covering

16 her genitals with her hand. Defendant responded, "Can i have a pic of the center of that pussy."

17 Defendant knew Victim 3 was under 18 years old. Victim 3 ultimately agreed to meet the male in

18 person, and instead of meeting the male in the pictures on Facebook, she met defendant.

19 Defendant performed oral sex on Victim 3.

20     Count Four: Coercion and Enticement as to Victim 4

21     Victim 4 was 13 years old in April 2017. Victim 4 met defendant through Victim 5.

22 Victim 4 told defendant she was 14 years old. From on or about April 18, 2017, to on or about

23 December 6, 2017, defendant and Victim 4 exchanged ~~approximately 806~~ *multiple* communications over

24 Facebook. Defendant ~~coerced~~ *asked or solicited* Victim 4 to engage in sex acts for money in those messages.

11

1   Specifically, defendant messaged Victim 4, "Show me u ready for me to keep paying only u by

2   letting me eat ur pussy than ill pay u to fuk." Defendant knew that Victim 4 was under 18 years

3   old.

4        Count Six: Sex Trafficking of Children as to Victim 5

5        Victim 5 was 15 years old in August 2017. From on or about August 5, 2017, to on or

6   about October 16, 2017, defendant and Victim 5 exchanged approximately 729 communications

7   over Facebook. Defendant utilized an image of an unknown younger male on his Facebook

8   account of "John Dupree." Defendant sent a photograph of a green vibrator to Victim 5 with the

9   message "She waiting on u." Throughout the messages, defendant coerced and solicited Victim

10  5 to engage in commercial sex acts. Defendant met with Victim 5 and engaged in commercial

11  sex acts when Victim 5 was under 18 years old, and defendant knew she was under 18 years old..

12  Defendant messaged Victim 5: "FUNNY HOW I HAD TO PIN UR LIL ASS DOWN THE

13  FIRST TWO TIMES!!! AND UM I DO BELEIVE I HAD U TELLING ME THE DICK WAS

14  HELLA THICK! DO U NOT REMEMBER Because i have a video."

15       Count Eight: Sex Trafficking of Children as to Victim 6

16       Victim 6 was 17 years old in April 2017. From on or about April 30, 2017, to on or about

17  August 28, 2017, defendant and Victim 6 exchanged approximately 527 communications over

18  Facebook. Victim 6 told defendant she was 17 years old, and defendant responded, "Ok so u

19  cool with talking to an older nigga on a biz level?" Defendant then coerced Victim 6 to engage in

20  commercial sex acts with him and to send him sexual images. Defendant met with Victim 6 in

21  person and engaged in sex acts with her in exchange for money $45. Defendant took pictures of Victim

22  6 fully nude during their encounter.

23       Count Nine: Coercion and Enticement as to Victim 7

24       Victim 7 was 15 years old in August 2017. From on or about August 30, 2017, to on or

12

1   about December 4, 2017, defendant and Victim 7 exchanged approximately 461

2   communications over Facebook. Defendant utilized a picture of a younger unknown male on

3   the Facebook account with the fake name of "John Dupree." Victim 7 informed defendant she

4   was under 18 years old. Defendant coerced Victim 7 to meet with him to engage in sex acts for

5   money and to send him sexual images of herself. Victim 7 sent sexual images of herself to

6   defendant. When Victim 7 went to meet the male she believed she was talking to online, she met

7   defendant instead. ~~Defendant went to Victim 7's apartment to engage in~~ sex acts ~~in exchange for~~

8   ~~cannabis.~~

9        Count Eleven: Sex Trafficking of Children as to Victim 8

10       Victim 8 was 15 years old in August 2017. From on or about August 9, 2017, to on or

11   about November 29, 2017, defendant and Victim 8 exchanged approximately 353

12   communications over Facebook. Defendant utilized the Facebook account "John Dupree" with

13   an image of an unknown male. Defendant coerced and solicited Victim 8 to engage in sex acts

14   with him in exchange for money and marijuana. Defendant engaged in sex acts with Victim 8 in

15   exchange for money. Defendant utilized a green vibrator on Victim 8 during the second sexual

16   encounter.

17       Count Thirteen: Sex Trafficking of Children as to Victim 10

18       Victim 10 was 15 years old in August 2017 and living in California. From approximately

19   August 31, 2017, to September 7, 2017, defendant and Victim 10 exchanged approximately 299

20   communications over Facebook. Defendant utilized the Facebook with the fake name "John

21   Dupree" and a picture of an unknown younger male. Defendant messaged Victim 10, "Would

22   you let an older nigga spoil u on the low ma $$$" Defendant asked how old Victim 10 was, and

23   she informed him she was 15 years old. Thereafter, defendant asked for "SEXY pics" and then

24   defendant sent a picture of a penis to Victim 10. Defendant then messaged Victim 10, "U givn

1   me some young fresh 15yr old ass pussy tf. No show me u serious about this. I trusted u nd sent

2   u a pic so u do the same." Defendant traveled to California and engaged in sex acts with Victim

3   10 in exchange for $~~100~~. money Defendant also took nude pictures of Victim 10 during the encounter.

4   Count Sixteen: Sexual Exploitation of Children as to Victim 13

5   In 2017 but before August 25, 2017, when Victim 13 was 14 years old, defendant

6   messaged Victim 13 on Facebook claiming to be "John Dupree" with an image of an unknown

7   younger male. Over Facebook messenger, defendant coerced Victim 13 to meet him in person to

8   engage in sex acts. Defendant knew Victim 13 to be under the age of 18 years old. When Victim

9   13 went to meet the male, she met defendant instead. Defendant performed oral sex on Victim

10  13, and vaginally penetrated Victim 13. Defendant had Victim 13 lay on his bed and spread her

11  legs exposing her genitals and took a picture of Victim 13 with his cell phone that was

12  manufactured outside the state and federal district of Nevada. After this initial incident,

13  defendant continued to message Victim 13 on Facebook, but Victim 13 ignored defendant.

14  Defendant sent the picture to Victim 13. Victim 13 blocked him on Facebook. Defendant then

15  sent the image of Victim 13 with emojis covering and/or cropping out Victim 13's genitals

16  ~~Victim 3 and~~ Victim 5 over Facebook messenger.

17  Count Two: Tampering of Witness as to Victim 2

18  In 2018, while defendant was in custody pending criminal charges related to Victim 12, he

19  called Victim 2 over 150 times and wrote Victim 2 multiple letters. On April 22, 2018, defendant

20  wrote a letter to Victim 2 stating, "Never ever give a statement to the police!!!! Ever, ever, ever, just

21  tell them you want a lawyer and by law they will leave you alone." Defendant also directed Victim

22  2 to call Victim 10 and to tell Victim 10 not to talk to the FBI and ask for a lawyer. On an October

23  2018 jail call, ~~defendant threatened Victim 2 to not testify or else she would be depicted as "the~~

24  ~~scum of the earth" at trial~~ and that Victim 2's mom and stepdad would learn of her behavior.

*coordinated to have* [handwritten]

1   Ultimately on January 3, 2019, defendant ~~convinced a third-party to pick up Victim 2, drive Victim~~   *BP* [handwritten]

2   ~~2 to a notary, and have~~ Victim 2 sign a statement in front of the notary. Defendant had the letter   *NB* [handwritten]

3   typed up and prepared for Victim 2 to sign. Defendant ~~completely persuaded~~ ded Victim 2 to sign the   *BP NB* [handwritten]

4   letter in front of a notary. The letter stated:   *engaged in misleading conduct for* [handwritten]

5           ...I will not testify nor participate in any further investigation or
        criminal proceedings in regard to Jacques Anton Lanier 928866.

6

7           I invoke my Fifth Amendment Rights.

8           Therefore, I demand that all communications cease immediately.
        My initial statement was given under duress and duplicity.

9   Defendant then mailed the notarized letter to the United States Attorney's Office. Defendant acted

10   knowingly with the intent to have Victim 2 evade legal process, refrain from testifying, and

11   preventing communication between Victim 2 and law enforcement officers and judges of the

12   United States regarding federal offenses.

13           Facebook does not have servers in the state or federal district of Nevada and therefore any

14   messages on Facebook constitute interstate commerce.

15           On or about December 21, 2017, defendant was arrested and a Samsung Galaxy S8 cellular

16   phone, bearing IMEI 355987083990480 was seized from his person. Defendant utilized this cell

17   phone when committing the above stated conducted. A search warrant was executed at his

18   residence and a green vibrator was recovered. A picture of the green vibrator was sent to Victim 5

19   to coerce her into sex acts. The green vibrator was used in sex acts with Victim 8.

20           All of the foregoing occurred in the state and federal district of Nevada and elsewhere.

21                           **VI. SENTENCING FACTORS**

22           18.   <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in

23   determining defendant's sentence, the district court is required to calculate the applicable

24   sentencing guidelines range and to consider that range, possible departures under the sentencing

15

guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

19.    Offense Level Calculations: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

**Count One: Coercion and Enticement as to Victim 2**

| | |
|---|---|
| Base Offense Level USSG § 2G1.3(a)(3): | 28 |
| Use of a Computer USSG § 2G1.3(b)(3): | +2 |
| Commercial Sex Act USSG § 2G1.3(b)(4): | +2 |
| Obstruction of Justice USSG § 3C1.1: | +2 |
| Adjusted Offense Level: | 34 |

**Count Two: Tampering of Witness as to Victim 2**

| | |
|---|---|
| Base Offense Level USSG § 2J1.2(c)/2X3.1(a)(1): | 22 |
| Adjusted Offense Level: | 22 |

**Count Three: Coercion and Enticement as to Victim 3**

| | |
|---|---|
| Base Offense Level USSG § 2G1.3(a)(3): | 28 |
| Misrepresentation of Identity USSG §2G1.3(b)(2): | +2 |

16

Use of a Computer USSG § 2G1.3(b)(3):                      +2

Commercial Sex Act USSG § 2G1.3(b)(4):                    +2

Adjusted Offense Level:                                    34

Count Four: Coercion and Enticement as to Victim 4

Base Offense Level USSG § 2G1.3(a)(3):                    28

Misrepresentation of Identity USSG §2G1.3(b)(2):          +2

Use of a Computer USSG § 2G1.3(b)(3):                      +2

Commercial Sex Act USSG § 2G1.3(b)(4):                    +2

Adjusted Offense Level:                                    34

Count Six: Sex Trafficking of Children as to Victim 5

Base Offense Level USSG § 2G1.3(a)(2):                    30

Misrepresentation of Identity USSG §2G1.3(b)(2):          +2

Use of a Computer USSG § 2G1.3(b)(3):                      +2

Sex Act USSG § 2G1.3(b)(4)(A):                            +2

Adjusted Offense Level:                                    36

Count Eight: Sex Trafficking of Children as to Victim 6

Base Offense Level USSG § 2G1.3(a)(2):                    30

Use of a Computer USSG § 2G1.3(b)(3):                      +2

Sex Act USSG § 2G1.3(b)(4)(A):                            +2

Adjusted Offense Level:                                    34

Count Nine: Coercion and Enticement as to Victim 7

Base Offense Level USSG § 2G1.3(a)(3):                    28

Misrepresentation of Identity USSG §2G1.3(b)(2):          +2

Use of a Computer USSG § 2G1.3(b)(3):                      +2

17

Commercial Sex Act USSG § 2G1.3(b)(4):                          +2

     Adjusted Offense Level:                          34

Count Eleven: Sex Trafficking of Children as to Victim 8

     Base Offense Level USSG § 2G1.3(a)(2):                          30

     Misrepresentation of Identity USSG §2G1.3(b)(2):                          +2

     Use of a Computer USSG § 2G1.3(b)(3):                          +2

     Sex Act USSG § 2G1.3(b)(4)(A):                          +2

     Adjusted Offense Level:                          36

Count Thirteen: Sex Trafficking of Children as to Victim 10

     Base Offense Level USSG § 2G1.3(a)(2):                          30

     Use of a Computer USSG § 2G1.3(b)(3):                          +2

     Sex Act USSG § 2G1.3(b)(4)(A):                          +2

     Obstruction of Justice USSG § 3C1.1                          +2

     Adjusted Offense Level:                          36

Count Sixteen: Sexual Exploitation of Children as to Victim 13

     Base Offense Level USSG § 2G2.1(a):                          32

     Knowingly Distributed USSG §2G2.1(b)(3):                          +2

     Use of a Computer USSG § 2G2.1(b)(6)(B):                          +2

     Adjusted Offense Level:                          36

Grouping of Multiple Counts: USSG § 3D

| Group | Counts | Offense Level | Units |
| --- | --- | --- | --- |
| A (Victim 2) | One and Two | 34 | 1 |
| B (Victim 3) | Three | 34 | 1 |
| C (Victim 4) | Four | 34 | 1 |

| | | | |
|---|---|---|---|
| D (Victim 5) | Six | 36 | 1 |
| E (Victim 6) | Eight | 34 | 1 |
| F (Victim 7) | Nine | 34 | 1 |
| G (Victim 8) | Eleven | 36 | 1 |
| H (Victim 10) | Thirteen | 36 | 1 |
| I (Victim 13) | Sixteen | 36 | 1 |
| Total Units | | | 9 |
| Combined Offense level (36+5[1]) | | | 41 |
| Contingent Reduction for Acceptance of Responsibility USSG § 3E1.1(a) | | | -2 |
| Pattern of Activity USSG § 4B1.5 | | | +5 |
| Total Offense Level | | | 44 |

20.   <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses;

---

[1] Under §§ 3D1.1(a)(3) and 3D1.4, a five-level increase is applied to the highest offense level based on the 9 units.

19

1   (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime;

2   (h) fails to appear in court; or (i) violates the conditions of pretrial release.

3          Defendant agrees and acknowledges that the USAO will <u>not</u> move for an additional one-

4   level downward adjustment for acceptance of responsibility before sentencing USSG § 3E1.1(b),

5   because defendant did not communicate defendant's decision to plead guilty in a timely manner

6   that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

7          21.    <u>Criminal History Category</u>: Defendant acknowledges that the district court may

8   base defendant's sentence in part on defendant's criminal record or criminal history. The district

9   court will determine defendant's criminal history category under the sentencing guidelines.

10         22.    <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines

11  calculations are based on information now known to the parties. Defendant understands that

12  both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

13  relevant information to the U.S. Probation and Pretrial Services Offices and the district court

14  regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

15  mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

16  district court's sentencing guidelines calculations and determination of sentence. While this

17  paragraph permits both the USAO and defendant to submit full and complete factual

18  information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

19  factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

20  paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

21  to in this agreement. Good faith efforts to provide truthful information or to correct factual

22  misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

23         Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

24  guidelines differently and may rely on additional information it obtains through its investigation.

1   Defendant also acknowledges that the district court may rely on this and other additional

2   information as it calculates the sentencing guidelines range and makes other sentencing

3   determinations, and the district court's reliance on such information shall not be grounds for

4   defendant to withdraw defendant's guilty pleas.

5   **VII. POSITIONS REGARDING SENTENCING**

6         23.    The USAO will recommend that the district court sentence defendant to no more

7   than 560 months (45 years) of imprisonment. In the event that a sentence of 540 months is

8   outside defendant's advisory guideline range as determined by the district court, the government

9   will request a variance to 540 months in consideration of all of the factors set forth in 18 U.S.C.

10  § 3553(a). Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553 but will

11  not, either explicitly or implicitly, argue for a sentence of less than 240 months (20 years) of

12  imprisonment. The parties will recommend that the sentence imposed in this case run

13  concurrent with defendant's sentence in State of Nevada case number C-18-330433-1. Further,

14  the parties will jointly recommend that the defendant be given credit for the time defendant has

15  been in State custody, starting from December 21, 2017, until such time defendant is in primary

16  federal custody. Credit for time served must be accounted for under an additional variance, but

17  in no event shall the variance decrease defendant's sentence below 15 years imprisonment. **The**

18  **defendant understands that he cannot and will not receive a sentence that is lower than 15**

19  **years in prison even after the application of any downward variance.**

20        24.    Defendant acknowledges that the district court does not have to follow the

21  recommendation of either party.

22        25.    Notwithstanding its agreement to recommend a sentence as described above, the

23  USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-

24  conviction litigation.

26.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

27.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty;

b.     The right to a speedy and public trial by jury;

c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.     The right to confront and cross-examine witnesses against defendant;

f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.     The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings (unless specifically reserved in the following section).

28.   Understanding that the investigating agency has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the agency may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## IX. WAIVER OF APPELLATE RIGHTS

29.   Waiver of Appellate Rights: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence, including but not limited to the constitutionality of any mandatory or standard conditions of supervised release; the denial of any motion for early termination of supervised release; and any order of restitution or forfeiture.

30.   Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

31.   Waiver of Post-Conviction Rights: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

32.   Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

# X. FORFEITURE

33.     Defendant knowingly and voluntarily:

    a.     Agrees to the district court imposing the civil judicial forfeiture and the criminal forfeiture of:

        i.   Samsung Galaxy S8 cellular phone, IMEI 355987083990480; and

        ii.  Green Vibrator recovered from 1827 W. Gowan, #2148, North Las Vegas, Nevada, on December 21, 2017

(all of which constitutes property);

    b.     Agrees to the civil judicial forfeiture and the criminal forfeiture of the property;

    c.     Forfeits the property to the United States;

    d.     Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

    e.     Waives defendant's right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings);

    f.     Waives service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case;

    g.     Waives any further notice to defendant, defendant's agents, and defendant's attorney regarding the forfeiture and disposition of the property;

    h.     Agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the property; agrees not to contest, and agrees not to assist any other person and entity to contest, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, and other documents in any proceedings;

24

i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

j. Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

k. Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

l. Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

m. Agrees to the entry of an Order of Forfeiture of the property to the United States;

n. Waives the right to appeal any Order of Forfeiture;

25

1          o.      Agrees the property is forfeited to the United States and can be taken into

2 custody immediately by the USAO;

3          p.      Agrees and understands the civil administrative forfeiture, the civil judicial

4 forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any

5 assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose

6 upon defendant in addition to the forfeiture;

7          q.      Agrees and understands that on the government's motion, the court may at

8 any time enter an order of forfeiture or amend an existing order of forfeiture to include

9 subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and

10 (C) and 32.2(e);

11          r.      Acknowledges the amount of the forfeiture may differ from, and may be

12 significantly greater than or less than, the amount of restitution;

13          s.      Agrees to take all steps as requested by the USAO to pass clear title of any

14 forfeitable assets to the United States and to testify truthfully in any judicial forfeiture

15 proceedings. Defendant understands and agrees that the property represents facilitating property

16 of illegal conduct and is forfeitable; and

17          t.      Admits the property is (1) any property, real or personal, that was used or

18 intended to be used to commit or to facilitate the commission of violations of 18 U.S.C.

19 § 2422(b); (2) any property, real or personal, used or intended to be used to commit or to

20 facilitate the commission of any violation of 18 U.S.C. § 2422(b); (3) any property, real or

21 personal, that was involved in, used, or intended to be used to commit or to facilitate the

22 commission of 18 U.S.C. § 1591(a), and any property traceable to such property; (4) any

23 property, real or personal, involved in, used, or intended to be used to commit or to facilitate the

24 commission of 18 U.S.C. § 1591(a), and any property traceable to such property; (5) any visual

26

depiction described in 18 U.S.C. § 2251, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2251(a); and (6) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2251(a) or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 2428(a)(1); 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 1594(d)(1); 18 U.S.C. § 1594(e)(1)(A) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

34. <u>Consequence of Withdrawal of Guilty Pleas</u>: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

35. <u>Consequence of Vacatur, Reversal, or Set-aside</u>: Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to resentence defendant on any remaining counts of conviction, with both the USAO and

27

1  defendant being released from any stipulations regarding sentencing contained in this agreement;

2  (b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on

3  any remaining counts of conviction, with both the USAO and defendant being released from all

4  their obligations under this agreement; or (c) leave defendant's remaining convictions, sentence,

5  and plea agreement intact. Defendant agrees that the choice among these three options rests in

6  the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge

7  that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute

8  of limitations will be tolled between the date of defendant's signing of this agreement and the

9  filing commencing any such action; and (ii) defendant waives and gives up all defenses based on

10  the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with

11  respect to any such action, except to the extent that such defenses existed as of the date of

12  defendant's signing this agreement.

13  ## XII. BREACH OF AGREEMENT

14       36.    Defendant agrees that if, at any time after this agreement becomes effective,

15  defendant knowingly violates or fails to perform any of defendant's obligations under this

16  agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

17  obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

18  breach, and defendant shall not be deemed to have cured a breach without the express agreement

19  of the USAO in writing. If the USAO declares this agreement breached, and the district court

20  finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas

21  pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

22  will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all its

23  obligations under this agreement.

24

37. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge contained in the indictment, or that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

38. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

39. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

29

40.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

41.     Defendant acknowledges that:

a.     Defendant read this agreement and defendant understands its terms and conditions.

b.     Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.     Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.     Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.     Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.     The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g.      Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

42.     Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

43.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

44.     Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

45.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

31

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

46.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

JASON M. FRIERSON
United States Attorney

_____          12/27/2023
BIANCA R. PUCCI                           Date
Assistant United States Attorney


_____          12/27/2023
JACQUES ANTON LANIER                      Date
Defendant


_____          12/27/23
ANTHONY P. SGRO                           Date
Attorney for Defendant Jacques Anton Lanier

32