Jacques Anton Lanier
2190 East Mesquite Ave.
Pahrump, Nevada 89060



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| USA, ) | |
| ) | CASE NO: 2:19-cr-00327-GMN-VCF |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | MOTION TO DISMISS COUNSEL |
| JACQUES ANTON LANIER ) | CHRISTOPHER R. ORAM, |
| ) | ANTHONY P. SGRO |
| Defendant. ) | and |
| ) | WITHDRAW GUILTY PLEA AGREEMENT |

Certification: This Motion is timely filed.

### Motion to Dismiss Counsel
### and
### Appoint Other

  COMES NOW defendant Jacques Anton Lanier, in the above captioned case, and moves this honorable court to dismiss counsel **CRISTOPHER R. ORAM, Esq., ANTHONY P. SGRO, Esq.** and Appoint Other to represent defendant in the above case due to Ineffective Assistance of Counsel and **WITHDRAW GUILTY PLEA AGREEMENT.**

DATED this 8th day of January, 2024.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. Counsel failed to effectively litigate defendants pretrial Motion to Dismiss Indictment by not filing a timely objection to The *(second)* R&R to deny Motion To Dismiss Indictment.

2. The Law Office of Sgro & Rogers. The defendant had made several request to speak with Mr. Sgro to discuss the current case only to repeatedly informed that Mr. Sgro was tied up in a meeting or had a doctors appointment and Mr. Oram is almost always in a jury trial. There has always been a great lack of communication between myself, the investigator and counsel(s) until Attorney Judd was brought on at the 11th hour *(to little to late).*

3. It was the defendant who initiated the offer of a Guilty Plea Agreement **not** The government nor defendants counsel(s). The defendant was expecting to receive and sign a reasonable Guilty Plea Agreement **not** to intentionally sign for a life sentence. The defendant made an irrational decision of accepting The Guilty Plea Agreement under pressure and because of

counsel(s) last minute preparations for a jury trial with a case this voluminous.

4. The Guilty Plea Agreement is an unreasonable offer, already calculating the defendant at an offense level of **44** which is a life sentence in accordance to the advisory guidelines range chart which this court is almost guaranteed to follow and will impose the highest sentence within the Guilty Plea Agreement. The defendant is months shy of being the age of **55**, therefore the unreasonable Guilty Plea Agreement from the government is a life sentence and would be denying the defendant of _All_ of His Appellate Rights. The defendant has a better chance of a possible win at trial or if there is a loss at trial the defendant is facing life in prison. Because of the fact that the government has knowledge of the defense trial strategy, the defendant has already experienced and endured extreme impartial justice from the judicial system which is often the case when the defendant is Indigent and African American, there is _"NO Justice, it's Just US!"_ There is a two-tier justice system for a certain class of people.

5. During a recent in-person attorney visit with Attorney Judd, Mr. Judd could not provide the defendant with an explanation for the purpose of the advisory guidelines range nor was the defendant provided an explanation of the purpose and/or reasons for downward variances.

6. Although the defendant stated in the hearing that He acknowledged Section **XIV** of the Guilty Plea Agreement, it would be disingenuous of this court to deny the fact that during The Guilty Plea Agreement hearing, there was extreme confusion between the defendant, counsel and the government regarding specific _"wording"_ in The Guilty Plea Agreement and Your Honor _"words matter"_ due to the fact that the court will be basing their decision regarding sentencing according to the alleged accusations. It is up to the defense counsel to address and point out any and all inaccuracies, falsities or misrepresentations from the government in The Guilty Plea Agreement, and there were several that the defendant had to address or the defendant would have plead guilty to offenses that were not committed by the defendant.

7. The defendant is not denying acceptance of responsibility but the defendant will not plead guilty to an offenses that He unequivocally did not commit as there were several that the government has attempted to insert into the The Guilty Plea Agreement; had counsel thoroughly reviewed The Guilty Plea Agreement and had been familiar with the alleged victims statements and/or discovery, counsel(s) would have addressed the governments inaccuracies, falsities or misrepresentations and made the corrections in The Guilty Plea Agreement prior to the hearing.

8. Prior to The Guilty Plea Agreement, the defendant made multiple request for counsel(s) to meet with the defendant and review each of the alleged victims statements and as of today

date that has never happen. The court interrupted the defendant when the defendant attempted to convey to the court that throughout the entire criminal case, the defendant has only met with Mr. Sgro and Mr. Oram *one* time in-person *(see attachment)*, all of the defendants encounters with representation has been with several other attorneys from.

9. Counsel(s) has treated the defendant as if My life doesn't matter by encouraging the defendant to accept The Guilty Plea Agreement in such a hasty manner which caused the defendant to prematurely accept The Guilty Plea Agreement. The court has to have knowledge of the multiple correspondences that the defendant has submitted to this court regarding the representation of the appointed counsel(s) throughout this process as well as counsel(s) prior filing of a Motion To Withdraw which was denied by The Magistrate court.

10. As of December 22, 2023, the defense investigator had not made an attempt to physically contact not one of the alleged victims/witnesses. Because of counsel(s) last ditch effort to prepare for trial it is the defendants belief that this was partial of the reason that counsel(s) vehemently encouraged the defendant to accept such an unreasonable Guilty Plea Agreement.

11. Counsel deliberately withheld information *(investigation notes)* from the government as well as the defendant in a failed strategic task which was the result of a partial ruling from this court to deny the Motion for a *Franks* hearing.

12. Counsel(s) did not prepare the defendant for nor inform the defendant of the process of The Guilty Plea Agreement hearing and during that hearing the defendant was struggling with the identity of the alleged victims. The defendant was to plead guilty to a crime having to try and decipher the identify each alleged victim by a number instead of a name, counsel had to consult with the government for each alleged victims identity.

13. The entire process of The Guilty Plea Agreement was a rushed procedure by *ALL* parties, the defendant did not fully comprehend the severity of the Guilty Plea Agreement, the defendant felt pressured and manipulated into accepting The Guilty Plea Agreement without fully understanding the consequences of accepting The Guilty Plea Agreement.

14. During the hearing for the Guilty Plea Agreement, counsel repeatedly whispered in the defendant ear during The Guilty Plea Agreement hearing that *"you're about to screw this up and we need to handle this here and now"* only added to the state of mental confusion that the defendant was already enduring at the time and made the defendant believe that He was making a mistake by accessing His right in challenging the government with their inaccuracies, misrepresentations, falsities which also resulted in the defendant not correcting the Record of other misrepresentation, inaccuracies and falsities by the government in The Guilty Plea Agreement nor did the defendant wish to anger nor frustrate the court. It's

evident that Mr. Sgro was not concerned that in fact, His client was pleading guilty to offenses noted in The Guilty Plea Agreement that the defendant unequivocally did not committed!

15. The defendant was never in possession of the Guilty Plea Agreement for an overnight review at defendant leisure. On December 27, 2023, Counsel was only permitted to review the Guilty Plea Agreement with the defendant at the detention center but could not hand deliver or leave the Guilty Plea Agreement with the defendant because of NSDC's policy, On December 28, 2023, the defendant was than Summons to court to answer to Guilty Plea Agreement.

16. On January 02, 2024, a voluminous of discovery dated December 13, 2023, was delivered to the defendant via NSDC legal mail following the hearing for the Guilty Plea Agreement which would have played a vital roll in the defendant decision with accepting the Guilty Plea Agreement. Counsel visited with the defendant in-person on two occasions between December 13, 2023 and December 28, 2023, counsel could have personally delivered the discovery to the defendant. After review of the new discovery it was revealed that counsel(s) ignored the governments request of certain documents from counsel(s) *(not submitted)* revealed that counsel had not effectively started preparations for trial, therefore after speaking with counsel on January 05, 2024, the defendant desires to not cause the court any further confusion or delay.

17. The defendant informed Mr.Sgro's office on December 29, 2023 and Mr.Oram's office on January 02, 2024 and January 08, 2024, of the decision to Withdraw The Guilty Plea Agreement for the noted reasons, I was than instructed by Mr. Oram to file the noted motion now before the court.

## CONCLUSION

For the reasons outlined throughout the Motion to Dismiss Counsel and Appoint Other, the defendant respectfully requests that the court Dismiss Counsel and Appoint Other. At a minimum, the defendant request that the Court grant a hearing on the Motion To Dismiss counsle(s) and Appoint Other and **WITHDRAW GUILTY PLEA AGREEMENT**. Because of counsel **CHRISTOPHER R. ORAM and ANTHONY P. SGRO** for negligence and low level of performance, the attorney-client relationship and/or communications has now become irreparable and irreconcilable. Counsel(s) performance and/or decisions has not been in the best interest of the defendant. Counsel is an extreme procrastinator. The defendant has lost all faith, trust and confidence in Counsel(s) representation. The **Sixth Amendment** guarantees indigent criminal defendants the right to the Effective Assistance of Counsel: *Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2050, 80L. Ed. 2D 674 (1984): Washinton v. Strickland* and *Cuyler v. Sullivan,*

*Supra, at 344.*

I do solemnly swear under penalty of perjury that the above text in this **MOTION TO DISMISS COUNSEL(S)** and Appoint Other and **WITHDRAW GUILTY PLEA AGREEMENT**. Because of counsel **CHRISTOPHER R. ORAM** and **ANTHONY P. SGRO** is true and is correct to the best of my knowledge.

DATED this 8th day of January, 2024.

Jacques Anton Lanier
Pro Se